STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-59
cons. with CV-99-552

*TE D-C OM - 4/27/2000*

BETTY NUMBERG,

Petitioner

vs.                                              DECISION AND ORDER

WORKERS' COMPENSATION
BOARD, et als.,

Respondents

This case was initiated in Superior Court by petitioner pursuant to Rule 80C, M.R.Civ.P., as a review of final agency action as provided in Title 5, M.R.S.A. §1101, et seq.. Her appeal is from the assessment of a penalty of $500.00 and an Order to pay back $6,073.29 improperly received as benefits.

The penalty and pay back Order was imposed pursuant to the authority of 39-A M.R.S.A. §360 (Supp. 1999).

Petitioner challenges the authority of a hearing officer to impose the penalty in place of the Deputy Director of Dispute Resolution as called for by the rules of the Workers' Compensation Board. The position of Deputy Director was vacant and the record reflects a decision by the Board of Directors to authorize hearings officers "to hear and decide the section 360 abuse investigation unit claims". (See Minutes of Directors Meeting/Public Forum, December 16, 1997, General Counsel Report, ¶3.) The court finds no error in this procedure and the petitioner has neither alleged nor shown any prejudice except that the penalty was assessed.

The court further finds that the record reflects sufficient grounds for the finding that the penalty as assessed was "based upon [petitioner's] receipt of compensation through fraud and intentional misrepresentation" based on her overall conduct rather than any single act of deceit.

The challenge by the insurer (party-in-interest Maine Employer's Mutual Insurance Company) to the Superior Court being the proper forum to appeal the repayment Order is misplaced. Section 360(3) clearly states that a penalty imposed "under *this section* is deemed to be . . . subject to appeal in the Superior Court . . ." (emphasis added). Authorization for an Order for repayment is contained within the same statutory paragraph allowing for a civil penalty for fraud or intentional misrepresentation.

The decision of the Hearing Officer acting in place of the Deputy Director is supported by the evidence.

The entry will be:

1.    The petition to reverse the decision of the Workers' Compensation Board is denied.

2.    Respondents' request for issuance of a *Pro Forma* Decree is granted; however, the issuance of the Decree is stayed pending expiration of the time to appeal or upon final decision if an appeal is taken.

So Ordered.

Dated: April _27_, 2000

Thomas E. Delahanty II
Justice, Superior Court

2

| Date Filed | 7-13-99 | Cumberland | Docket No. | AP99-059 |

Cumberland County

Docket No. AP99-059
Cons. with CV-99-552

Action   80C Appeal

BETTY NUMBERG

MAY 24 2000

WORKER'S COMPENSATION BOARD
GOOD NEIGHBOR'S INC.
MAINE EMPLOYER'S MUTUAL INS. CO.

vs.

**Plaintiff's Attorney**

STEVEN KOMMEL, P.A.          780-0915
PO BOX 268
PORTLAND, ME 04112

**Defendant's Attorney**

John Chapman Esq
PO BOX 168               780-6500
Portland, ME 04112
John Rohde Act. Gen. Counsel(Workers Comp)
27 State House Station Augusta 04333

| Date of Entry | |
|---|---|
| 1999<br>July 13 | Received 7-13-99.<br>Summary sheet filed.<br>Petition for review of final agency action with exhibit A and B filed. |
| July 23 | Received 7-22-99.<br>Letter from John W. Chapman Esq. entering his appearance filed. |
| July 30 | Received 7-29-99.<br>Letter from John C. Rohde, Acting General Counsel, entering his appearance on behalf of Workers Compensation Board and stating decision should be affirmed filed. |
| Aug. 13 | Received 08-12-99:<br>Certificate of Administrative Record Volume 1 of II filed.<br>Certificate of Administrative Record Volume II of II filed. |
| Aug. 31 | On 8-31-99.<br>Briefing schedule mailed. Petitioner's brief due 9-21-99. |
| Oct. 18 | Received 10-15-99:<br>Defendant/Respondent's Answer to Application for Pro Forma Decree with attachments filed.<br>ABOVE DOCKETED IN ERROR |
| Oct. 21 | Received 10-20-99.<br>Party-in-Interest, Maine Employer's Mutual Ins. Company's, brief filed. |
| " " | Respondent, Maine Workers' Compensation Board's, Brief with exhibits A1-A3, B1-B6 filed. |